**Moussa AW, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 03–3052.**

United States Court of Appeals, Sixth Circuit.

Aug. 19, 2004.

John S. Richbourg, Memphis, TN, for Petitioner.

Aviva L. Poczter, Emily A. Radford, U.S. Department of Justice, Office of Litigation, Washington, DC, for Respondent.

Before: BATCHELDER and GIBBONS, Circuit Judges; and

STAFFORD, District Judge.[*]

## ORDER

Moussa Aw has filed a petition for judicial review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's finding that he was subject to removal as an illegal alien. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Aw is a native and citizen of Mauritania, who entered the United States without authorization in 1992. He admitted removability and applied for asylum and the withholding of removal, alleging that he had been persecuted by the authorities in Mauritania because they believed that he belonged to a dissident political group. An immigration judge ("IJ") found that there were "serious issues of credibility" regarding Aw's claim and denied his applications for relief. · In affirming that decision, the BIA found that Aw would not be entitled to relief even if it were assumed that his testimony was credible, as the conditions in Mauritania had improved.

To obtain asylum, Aw must show that he is a refugee whose application merits a favorable exercise of administrative discretion. See Koliada v. INS, 259 F.3d 482, 486–87 (6th Cir.2001). A refugee is an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To qualify for the withholding of removal, Aw must show a clear probability of persecution. Koliada, 259 F.3d at 488–89. A petition for judicial review should not be granted unless the evidence is so compelling that no reasonable adjudicator could fail to find the requisite fear of persecution. Id. at 486.

Aw argues that it would have been error for the BIA to adopt the IJ's credibility finding. However, he also correctly notes that the BIA did not specifically adopt that finding. The BIA's opinion is the final agency determination in this case. See Hazime v. INS, 17 F.3d 136, 140 (6th Cir.1994). Therefore, our analysis is focused on the BIA's finding that Aw no longer has a well-founded fear of future persecution because conditions have improved in Mauritania.

The BIA noted information which indicated that there was still entrenched racism within the Mauritian society. Nevertheless, it found that the Mauritanian government was cooperating with humanitarian groups, including the United Nations High Commissioner for Refugees, in an effort to assist returning refugees who had been expelled between 1989 and 1991. The BIA found that many refugees have had their homes and at least some of their personal property and land returned to them by the government. Thus, it found that Aw no longer had a well-founded fear of persecution in Mauritania because there has been a fundamental change in the circumstances there.

Aw maintains that conditions have not changed substantially in Mauritania. However, the evidence does not compel a different finding on this issue than that which was reached by the BIA. See Koliada, 259 F.3d at 487–88; Mikhailevitch v. INS, 146 F.3d 384, 390 (6th Cir.1998). Thus, Aw has not shown that he has a well-founded fear of persecution which

---

[*] The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

would make him eligible for asylum as a refugee. He has likewise failed to meet the more rigorous standard that is required for the withholding of removal. *See Koliada,* 259 F.3d at 489.

Accordingly, the petition for judicial review of the BIA's decision is denied.